UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02491-WYD

JEANETTE F. AVILA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

    Defendant.
_____

**ORDER**
_____

I.     INTRODUCTION

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act ["the Act"], 42 U.S.C. §§ 401-433 and 1380-83c, respectively. Plaintiff, born in May 1963, alleges that she became disabled on August 31, 2001, when she was 38 years old based on fatigue, pain in her neck, shoulder and back, depression, hand pain/swelling, and fibromyalgia. (Transcript ["Tr."] 82.) Her applications were denied initially.

After a hearing held January 5, 2005 (Tr. 488-508), an Administrative Law Judge ["ALJ"] issued a decision on April 26, 2005, finding that Plaintiff was not disabled within the meaning of the Act. (*Id*. at 18-34.) This decision is discussed in more detail below.

---

[1] Michael J. Astrue, the current Commissioner of Social Security, has been substituted for former Commissioner Jo Anne B. Barnhart pursuant to FED. R CIV. P. 25(d)(1).

On August 25, 2006, the Appeals Council determined that there was no basis for changing the ALJ's decision. (*Id.* at 6-10.) Thus, the ALJ's decision became the final administrative decision, and this case is ripe for judicial review pursuant to 42 U.S.C. § 405(g).

II.     THE UNDERLYING DECISIONS

The ALJ made the following findings:

1.  The claimant met the disability insured status requirements of the Act on August 31, 2001, the date she alleges she became unable to work, but she continued to meet them only through June 30, 2004. (Tr. at 22, 33.)

2.  The claimant has not engaged in substantial gainful activity since August 31, 2001. (*Id.*)

3.  The medical evidence establishes that the claimant has fibromyalgia, which constitutes a severe impairment; but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. at 27-28, 33.) Plaintiff's temporomandibular joint pain ["TMJ"] was found not to be severe. (*Id.* at 27.) As to depression and anxiety, the ALJ found that this was "related to her circumstances" and was not severe. (*Id.*) However, the ALJ was "persuaded that the claimant does have some depressive symptomatology that is responsive to medication, and which further supports the finding that the claimant has a valid diagnosis of fibromyalgia. (*Id.*)

4.  The claimant's testimony was not credible regarding her symptomatology and resulting limitations. (20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929; and SSR 96-7p.) (Tr. at 30, 34.) The ALJ stated, "While the medical evidence establishes that the claimant has a medically determinable impairment that reasonably could be expected to cause the type of pain she alleges, there are too many inconsistencies between her testimony and her candid statements to the treating and examining sources of record. (*Id.* at 30.) After discussing the inconsistencies he found, the ALJ stated that he was "unable to find that the claimant has pain and other symptoms of the frequency, intensity, or persistence alleged." (*Id.* at 31.)

5. The claimant has the residual functional capacity to perform the full range of light work (20 C.F.R. § 404.1545 and 20 C.F.R. § 416.945). (Tr. at 33-34.) The ALJ gave great weight to the opinions of Nancy Lawton, M.S., a Certified School Psychologist, the functional capacity evaluation on December 12, 2001, and the opinions of state agency psychiatrist Dr. Garnand. (*Id.* at 22-23, 27, 31.) The ALJ gave no weight to the opinions or findings of treating physician Dr. Caldwell, Laurie A. Picus, L.C.S.W., a treating social worker, and Dr. Schmidt, a treating psychologist/psychiatrist. (*Id.* at 31-33.)

6. The claimant's past relevant work, as a Computer Security Specialist, as a Receptionist, and as a Bookkeeper, as those occupations are customarily performed and, as the claimant actually performed them, do not require the performance of work-related activities precluded by her residual functional capacity (Vocational Expert testimony and 20 C.F.R. § 404.1560 and 20 C.F.R. § 416.960). (Tr. at 33, 34.)

7. The claimant is not prevented from performing her past relevant work as a Computer Security Specialist; a Receptionist; or a Bookkeeper. (*Id.*)

8. The claimant has not been under a disability as defined in the Social Security Act and Regulations at any time since August 31, 2001, and continuing through the date of this decision (20 C.F.R. § 404.1520(e) and 20 C.F.R. § 416.920(e)). (Tr. at 33, 34.)

Based on the foregoing, the ALJ found that Plaintiff was not disabled at step four.

B. The Appeals Council's Decision

After the ALJ's decision was issued, Plaintiff tendered new and additional evidence for the Appeals Council to consider. (Tr. at 5.) The Appeals Council found no reason under its rules to review the ALJ's decision, even in light of the new evidence. (*Id.* at 6-8.) Accordingly, it denied Plaintiff's request for review. (*Id.*)

III. ANALYSIS

A. Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether

the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

My review of the record reveals a number of errors that require the Commissioner's decision to be reversed and remanded for a rehearing. I address these below.

    B.    <u>Whether the ALJ's Decision is Supported by Substantial Evidence</u>

        1.    <u>Whether the ALJ Erred at Step Two and in Weighing the Medical Evidence</u>

According to the Tenth Circuit, "[s]tep two is designed 'to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability.'" *Lee v. Barnhart*, No. 03-7025, 2004 WL 2810224, at *1 (10th Cir. 2004) (quotation omitted). "While 'the mere presence of a condition or

ailment' is not enough to get the claimant past step two, *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997), a claimant need only make a 'de minimus' showing of impairment to move on to further steps in the analysis." *Id.* (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004)); *see also Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir.1997). In order to make this showing, it must be demonstrated that a particular impairment has "more than a minimal effect" on a claimant's ability to work. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). An impairment need not be independently disabling to be considered severe.

As to the weighing of medical evidence, an ALJ is "required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'" *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (quotation omitted). "The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. U.S. Dept. of Health and Human Services*, 52 F.3d 288, 290 (10th Cir. 1994).

Generally, the ALJ is not entitled to reject a doctor's opinions without adequate justification or to substitute his own medical judgment for that of mental health professionals. *Winfrey v. Chater*, 92 F.3d 1017, 1021-22 (10th Cir. 1996). However, a treating physician's report can be rejected "if it is brief, conclusory and unsupported by medical evidence" or is "not supported by specific findings." *Castellano v. Sec. of*

*Health and Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). As to other medical sources, the opinion of an examining physician or psychologist is entitled to less weight than that of a treating physician or psychologist, and the opinion of an agency physician or psychologist who has never seen the claimant is generally entitled to the least weight of all." *Valdez v. Barnhart*, No. 01-1531, 2003 WL 366751 at *2 (10th Cir. 2003) (citing 20 C.F.R. § 416.927(d)(1), (2); Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2).

In the case at hand, I agree that the ALJ did not properly assess certain of Plaintiff's impairments at step two. I first address Plaintiff's mental impairments. As Plaintiff notes, her treating psychologist from March 2002 to March 2004, Dr. Schmidt, opined that Plaintiff had depressive disorder and pain disorder with both moderate and marked impairments. (Tr. at 331-58.) The ALJ gave Dr. Schmidt's opinions no weight. Instead, the ALJ chose to rely on the opinion of state agency psychiatrist Dr. Garnand. I find error with the ALJ's findings in this regard.

I first find that the ALJ did not properly weigh Dr. Schmidt's opinions. I note generally that if Dr .Schmidt's opinions were inconsistent with other medical evidence, the ALJ's task was to examine the other physicians' reports "to see if [they] 'outweigh[ ]' the treating physician's report, not the other way around." *Goatcher*, 52 F.3d at 290. The ALJ did not appear to follow this rule. Second, even when an ALJ decides that a treating physician's opinions are not entitled to controlling weight, that does not allow him to reject the physician's opinions outright. *Langley*, 373 F.3d at 1120. Instead, the opinions are "'still entitled to deference and [should be] weighed using all of the

[relevant] factors.'" *Id.* (quotation omitted). The ALJ's decision does not reflect that he gave deference to Dr. Schmidt's or the other treating physicians' findings and weighed them, or that he gave "any consideration of what lesser weight the opinions should be given or discuss[ed] the relevant factors set out in [42 U.S.C.] § 404.1527." *Id.*

Moreover, while the ALJ gave specific reasons for rejecting Dr. Schmidt's opinions, I find error with his findings. First, the ALJ rejected Dr. Schmidt's findings on the issue of disability asserting that this is an issue reserved to the Commissioner. (Tr. at 32.) While I agree that disability is an issue reserved for the Commissioner, Dr. Schmidt's findings on this issue still needed to be considered and weighed. *Miller v. Barnhart*, No. 01-2231, 2002 WL 1608452, at *3 (10th Cir. 2002) ("opinions from any medical source on issues reserved to the Commissioner must never be ignored . . . . The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability. . . .").

Second, the ALJ noted as a ground to reject Dr. Schmidt's findings that they were based on the claimant's subjective complaints and the fact that his findings were not based on objective clinical signs and findings or standardized pscyhometric testing. (Tr. at 32.) These are not proper grounds to reject Dr. Schmidt's findings. First, "[t]he practice of psychology is necessarily dependent, at least in part, on a patient's subjective statements . . . . [t]he ALJ cannot reject [a psychiatrist's] opinion solely for the reason that it was based on [the claimant's] responses because such rejection impermissibly substitutes [the ALJ's] judgment for that of [the psychiatrist]." *Thomas v. Barnhart*, No. 04-7141, 2005 WL 2114163, at *4 (10th Cir. 2005). Second, a medical

doctors's statements about Plaintiff's condition or impairments "are specific medical findings" and an ALJ errs in rejecting those findings in the absence of conflicting evidence. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, "a psychological opinion may rest either on observed signs or on psychological tests" and observations about a claimant's limitations constitute specific findings. *Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir. 2004).

The ALJ also rejected Dr. Schmidt's opinions because they were not supported by his treatment records and the record as a whole. (Tr. at 32-33.) However, the treatment notes of Dr. Schmidt document significant problems that Plaintiff was experiencing, including substantial cognitive difficulties, blunted affect, skill difficulties, negative self-image, difficulty gathering thoughts, emotional fragility, etc. (*Id.* 331-580.) Thus, this finding by the ALJ is not necessarily supported by the record. As to the reference to Dr. Richman's notes, the ALJ improperly selectively applied the evidence from Dr. Richman and indeed the record as a whole, relying on isolated pieces of evidence that showed she was feeling better at a particular time. Indeed, he ignored the fact that in April 2004 Dr. Richman opined that Plaintiff continued to have depression. *Id.* at 455.

Further, the ALJ ignored the fact that Dr. Schmidt's opinion was consistent with Laurie Picus's treatment and opinion of Plaintiff (discussed below) as well as Drs. Poole and Katial's observation of "serious depression and anxiety" in February 2004. The ALJ also ignored, among other evidence, Dr. Caldwell's findings, including a finding that "[t]he likelihood of gainful employment with the present number of psych,

irrdx and dx med problems is small", Dr. Carbaugh's findings, the findings of the state vocational rehabilitation counselor John Ferlin, and Plaintiff's efforts to work and study. (Tr. at 363-68, 386, 295-97.) The ALJ also failed to properly weigh Dr. Caldwell's findings as a treating physician and findings from other treating sources. I note from my review of the evidence that, contrary to the ALJ's findings, the record as a whole appears to actually support the opinions of Dr. Schmidt, at least in part.

Finally, the decision to reject Dr. Schmidt's findings because they were based more on Plaintiff's pain symptoms rather than psychological signs (tr. 33) was an improper substitution of the ALJ's judgment for that of Dr. Schmidt. Indeed, Dr. Schmidt did note many psychological signs that were indicative of his diagnosis of depressive disorder, as discussed earlier.

The ALJ also found that Dr. Schmidt's opinions supported those of Dr. Garnand because he found that his "treatment records reflect that the claimant's depression is related to her circumstances." (Tr. at 27.) The fact that Plaintiff's depression was found to be related to her circumstances does not negate Dr. Schmidt's diagnoses and findings as to Plaintiff's condition. Further, it does not give the ALJ a basis to reject those opinions or to infer that Dr. Schmidt's findings somehow support those of Dr. Garnand. The Tenth Circuit is clear that "'[i]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments,*

*speculation, or lay opinion.*'" *Langley*, 373 F.3d at 1121 (quoting *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002)).

I now turn to Dr. Garnand's opinion that the ALJ gave great weight to. Dr. Garnand filled out a form entitled "Psychiatric Review Technique" based only on a records review. (Tr. at 128-141.) He did not evaluate Plaintiff. Thus, his opinion was entitled to the least amount of weight as a matter of law. Dr. Garnand checked a box indicating that Plaintiff had a psychological impairment that was not severe (depression/anxiety related to circumstances/pain) and noted that Plaintiff only had mild impairments related to same. (*Id.*) Dr. Garnand did not issue a written report or testify. Thus, it is highly questionable whether the ALJ properly relied on Dr. Garnand's report. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (evaluations by consultative examiners are insufficient to constitute substantial evidence where they are not accompanied by thorough written reports or testimony).

I further note that if the ALJ relies heavily on opinions of an agency medical consultant that did not examine the claimant, those "opinions must themselves find adequate support in the medical evidence". *See Lee*, 2004 WL 2810224, at * 3. In this case, while the ALJ found that Dr. Garnand's opinion was consistent with the other evidence in the record, I do not find record support for that. I first note that Dr. Garnand's opinion of January 7, 2003 pre-dates much of the medical evidence, including many of Dr. Schmidt's medical records. I also note that the ALJ stated that Dr. Garnand's opinions were consistent with those of Susan Bookman, MSW and

Laurie Picus, L.C.S.W. Tr. at 27. This appears to be a vast overstatement that is not supported by the record.

Ms. Bookman diagnosed an adjustment disorder with anxiety and depression. (Tr. at 170.) She opined that while Plaintiff was seeing some improvement, her prognosis was guarded and Plaintiff would need "an aggressive vocational assessment." (*Id.* at 169-70.) While Ms. Picus noted in her counseling records that Plaintiff had come a long way in counseling and had improved her communication skills, she does not opine as to a diagnosis for Plaintiff's psychological problems or the level of severity of same. (*Id.* at 260-263.) She does, however, indicate problems that Plaintiff was experiencing at Goodwill and her fear of failure. (*Id.* at 260.) The ALJ selectively applied this evidence in finding that it supported Dr. Garnand's opinion, and ignored the findings which supported an argument that Plaintiff's psychological condition was not necessarily mild or nonsevere as they impacted her ability to work. This was improper. *Lee*, 2004 WL 2810224, at *3 n. 2.

Further, the ALJ improperly chose to give "no weight" to Ms. Picus' last report dated in September 2003. This report opines that Plaintiff has "emotional problems which contribute to her inability to be gainfully employed", that "the severity of her depression has clearly led to suicidal ideation", and that it is her "fear that unless Jeanette continue with counseling and get some financial support, that this is again a possibility for her to entertain suicide." (Tr. at 296-297.) The ALJ found that this report was entitled to no weight because it was not supported by objective medical findings

and because she had not seen the claimant for the past three months. *Id.* at 32. I find error with these holdings.

Specifically, the report was based on Dr. Picus' observations during her treatment of Plaintiff. This was a proper basis for her psychological opinion and was not a ground to reject Dr. Picus' opinion. *Robinson*, 366 F.3d at 1083 (a psychological opinion may rest either on observed signs or on psychological tests). Further, the decision to reject the report because Dr. Picus had not seen Plaintiff for the past three months was an improper credibility judgment. *Langley*, 373 F.3d at 1121.[2]

I also find error with the ALJ's determination that Plaintiff's TMJ problems were not severe. He noted that the records from Dr. Redfern reflect that Plaintiff was treated successfully for her TMJ and that it was "brought under control, with dental treatments, physical therapy and trigger point injections, within a period not lasting 12 continuous months." (Tr. at 27.) The record reflects that Plaintiff was treated by Rand Redfern, D.D.S., from July 2003 through December 2004, more than the 12 month period noted by the ALJ. (*Id.* at 404-445.) In October 2003, Gary Ellington, D.D.S., opined that Plaintiff's TMJ had worsened and the condition was chronic, that Plaintiff had a chronic pain disorder, and that her prognosis was guarded. (*Id.* at 433.) He indicated that he believed resolution of oral pain diagnostics would take 6 to 12 months. (*Id.*) However, in Dr. Redfern's last two records in November and December 2004, more than 12

---

[2] I also note that the ALJ gave no weight to Ms. Picus' opinion in part because she was not an acceptable medical source. However, her opinion was still entitled to deference and to be properly weighed by the ALJ. Further, I find it arbitrary that the ALJ afforded significant weight to the FCE that was not completed by an acceptable medical source while rejecting Ms. Picus' opinion based on this reason.

months later, Dr. Redfern noted that Plaintiff was still complaining of pain in her jaw and headaches from her jaw. (*Id.* at 404-05.) The ALJ did not properly take all the evidence into account on this issue.

The ALJ also did not address at step two certain other impairments noted by Plaintiff, including left upper extremity impairment, status left shoulder impingement surgery, headaches, and sleep apnea/insomnia/chronic fatigue. These should also be addressed on remand at step two. Further, the ALJ erred by not considering all of Plaintiff's impairments in combination at this step. *See Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) ("When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination") (citing 42 U.S.C. § 423(d)(2)(C)). Indeed, in a case similar to this one where the plaintiff suffered from fibromyalgia as well as chronic fatigue, migraines or chronic headaches and depression the Tenth Circuit held that the ALJ committed reversible error when he failed to assess the combined effects they had on the plaintiff's ability to do work-related activities. *Langley*, 373 F.3d at 1124.

        2.        <u>Whether the ALJ Violated the Medical Opinion Standards</u>

For the reasons previously discussed, I find that the ALJ erred in his evaluation of the mental health evidence and the treating providers' opinions. I also find error with the ALJ's decision to give no weight to the opinions of the other treating physicians/ sources. The above errors in the weighing and proper consideration of the medical evidence require that the case be remanded.

### 3. Whether the ALJ Failed to Properly Determine the Claimant's RFC

Since the ALJ did not properly consider the medical evidence, the RFC must also be reassessed on remand. The ALJ must assess not only Plaintiff's ability to obtain employment, but "the ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" that is relevant to the determination of disability. See Soc. Sec R. 96-8p(1), 1996 WL 374184, at *1. The phrase "regular and continuing basis" is defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* Further, as the Tenth Circuit noted, "'[a] finding that a claimant is able to engage in substantial gainful activity requires . . . a determination that the claimant can *hold* whatever job he finds for a significant period of time.'" *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) (emphasis in original) (quotation omitted).

In this case, the record reflects that Plaintiff had significant difficulty working which was not properly considered by the ALJ. Further, the ALJ did not assess all of Plaintiff's impairments in combination, including those found not to be severe. For example, there was evidence in the record of fatigue caused by insomnia or sleep apnea, pain, headaches, and stress intolerance. These needed to be properly considered. The record also demonstrates a chronic pain condition. (Tr. at 433.) "If the ALJ finds that plaintiff's pain, by itself, is not disabling, that is not the end of the inquiry." *Harrison v. Shalala*, No. 93-5238, 1994 WL 266742, at *5 (10th Cir. 1994). "The [Commissioner] must show that 'jobs exist in the national economy that the claimant may perform *given the level of pain [she] suffers.*'" *Id.* (quoting *Thompson v.*

*Sullivan*, 987 F.2d 1482, 1490-91 (10th Cir. 1993) (further quotations omitted). "A vocational expert is ordinarily required to determine what limitation. . . pain might impose on [Plaintiff's] ability to do. . . work." *Id.*

As to Plaintiff's mental RFC, the ALJ must articulate and adequately "assess the nature and extent of [Plaintiff's] mental limitations" to enable a correct and complete determination of his "RFC for work activity on a regular and continuous basis." 20 C.F.R. § 404.1545(b). Further, the ALJ should address whether Plaintiff can "'focus long enough to complete tasks in a timely fashion; and to adapt to stressful circumstances without either withdrawing from the situation or experiencing increased signs and symptoms of the claimant's mental disorder.'" *Washington*, 37 F.3d at 1440 (quotation omitted).

I also find error with the ALJ's rejection of the opinion of the state vocational rehabilitation counselor. As stated earlier, "opinions from any medical source on issues reserved to the Commissioner must never be ignored" and must be evaluated. *Miller*, 2002 WL 1608452, at *3. The ALJ's decision does not show that he actually considered the vocational rehabilitation counselor's opinion and/or whether this opinion was supported by the treating physicians' findings. Indeed, while the ALJ states that he gave the opinion no "significant weight", it appears from the decision that he gave it no weight. This was error.

IV. <u>CONCLUSION</u>

Based upon the errors described above, I find that this case must be reversed and remanded to the Commissioner for further fact finding and analysis. I reject the

Commissioner's argument that any errors amounted at most to harmless error. Harmless error analysis is applicable if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005). In this case, harmless error is inapplicable as I find a reasonable administrative factfinder could have resolved the factual issues in a different manner.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for a rehearing pursuant to 42 U.S.C. § 405(g).

Dated March 25, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge